

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

NATIONWIDE PROPERTY AND CASUALTY
INSURANCE COMPANY, AS SUBROGEE
OF WESSON LTD. D/B/A
MOSS VILLAGE APARTMENTS                                        PLAINTIFF

VS.                                        CAUSE NO. 3:17cv65 DPJ-FKB

JASMINE S. JAMES                                               DEFENDANT

## COMPLAINT

### Jury Trial Demanded

**COMES NOW** Plaintiff, Nationwide Property and Casualty Insurance Company, as Subrogee of Wesson Ltd. d/b/a Moss Village Apartments, by and through its undersigned counsel, and hereby brings this action against the Defendant, Jasmine S. James (hereinafter "James"), and alleges as follows:

### THE PARTIES

1. Plaintiff, Nationwide Property and Casualty Insurance Company, as Subrogee of Wesson Ltd. d/b/a Moss Village Apartments (hereinafter "Nationwide"), is a corporation duly organized and existing pursuant to the laws of the State of Ohio, with its principal place of business located at One West Nationwide Blvd., Columbus, Ohio.

2. At all times material hereto, Plaintiff Nationwide was authorized to issue insurance policies in the State of Mississippi.

3. Defendant, Jasmine S. James (hereinafter "James"), is an adult resident citizen of the State of Mississippi, residing at 108 Washington Street, Hazlehurst, Mississippi.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the parties and the subject matter herein pursuant to 28 U.S.C. § 1331 in that this civil action arises under the laws of the United States.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that the facts and omissions alleged herein giving rise to the claims at issue occurred within this District and Division and the Defendant resides within this District and Division.

## FACTUAL ALLEGATIONS

6. At all times material hereto, Plaintiff's insured, Wesson Ltd. d/b/a Moss Village Apartments (hereinafter "Insured"), owned and operated an apartment complex located at 2133 Highway 51, Wesson, Mississippi (hereinafter "the Property").

7. At all times material hereto, Plaintiff provided insurance coverage to its Insured for the Property (hereinafter "the Policy").

8. At all times material hereto, Defendant James leased Unit No. 4 at the Property from the Insured.

9. On or about June 26, 2016, Defendant James was cooking with oil in the kitchen of Unit No. 4 at the Property.

10. On or about June 26, 2016, a fired erupted at the Property as a result of careless and unattended cooking by Defendant James (hereinafter "the Fire").

11. The Fire was caused by the negligence of the Defendant James, as set forth more fully below.

12. The Fire resulted in significant damage to the Property and also caused Plaintiff's Insured to incur loss of rents, extra expenses and other associated costs and expenses related to the Fire.

13. Given the damage from the Fire, Plaintiff's Insured made a claim with Nationwide for damages incurred as a result of the Fire.

14. Pursuant to the terms of the Policy, Plaintiff Nationwide has paid its Insured $365,425.00 for the damages resulting from the Fire, representing the fair and reasonable value of and cost to repair the damages.

15. In accordance with the common law principles of legal and equitable subrogation and the terms and conditions of the Policy, Plaintiff Nationwide is subrogated to the rights of its Insured, to the extent of its payments under the policy, with respect to any claims against Defendant James.

## **NEGLIGENCE AND CAUSATION**

16. Plaintiff hereby incorporates by reference and realleges the averments in the preceding paragraphs of the Complaint.

17. The Fire and resulting damage to the Property were proximately caused by the negligence, carelessness, recklessness, negligent omissions and/or gross negligence of Defendant James. Said negligence, carelessness, reckelessness, negligent omissions and/or gross negligence consisted of, inter alia, the following:

(a) failing to use proper care while cooking at the Property;

(b) leaving cooking unattended;

(c) leaving oil, grease, chicken and/or other cooking items cooking unattended at the Property;

(d) failing to use reasonable care when cooking at the Property;

(e) failing to take all reasonable and necessary actions and precautions to minimize the potential risk of fire at the Property; and

(f)    such other and further negligent acts or omissions as may be revealed during the course of discovery in this matter.

18.    As a direct and proximate result of Defendant James' negligence, the Fire occurred and resulted in substantial damage to the Property, for which Plaintiff reimbursed its Insured.

## DAMAGES

19.    As a direct and proximate result of Defendant James' negligence, Plaintiff is entitled to have and recover its damages, in excess of $365,425.00, as will be proven at a trial of this matter, from the Defendant.

## JURY DEMAND

20.    Plaintiff hereby demands a jury trial on all issues triable as of right by a jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Nationwide Property and Casualty Insurance Company, demands judgment against Defendant, Jasmine S. James, in an amount in excess of $365,425.00, together with interest, costs, reasonable attorney's fees, and such other relief as the Court deems just and appropriate.

**THIS**, this the 25th day of January, 2017.

Respectfully submitted,

NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY, AS SUBROGEE OF WESSON LTD. D/B/A MOSS VILLAGE APARTMENTS

By Its Attorneys,
GLADDEN & INGRAM, PLLC

_____
DAVID LEE GLADDEN, JR.

OF COUNSEL:
DAVID LEE GLADDEN, JR. (MSB# 100839)
WHITNEY GLADDEN (MSB#102565)
GLADDEN & INGRAM, PLLC
455 Pebble Creek Drive
Madison, Mississippi 39110
Post Office Box 2970
Madison, Mississippi  39130
Tel:     (601) 707-5903
Fax:    (601) 707-5915
Email: lgladden@gladdeningram.com
Email: wgladden@gladdeningram.com
Web:   www.gladdeningram.com

*Attorneys for Nationwide Property and Casualty Insurance Company, as Subrogee of Wesson Ltd. d/b/a Moss Village Apartments*